```
FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 0 5 2017

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON
```

1  JOSEPH H. HARRINGTON
2  Acting United States Attorney
   Eastern District of Washington
3  Patrick J. Cashman
4  Assistant United States Attorney
   Post Office Box 1494
5  Spokane, WA 99210-1494
6  Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

           Plaintiff,

    vs.

BAZIL N. PEONE,

           Defendant.

2:17-CR-224-SAB

INDICTMENT

Vio: 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(viii) – Possession with Intent to Distribute 5 Grams or More of Actual Methamphetamine (Count 1)

Vio: 21 U.S.C. § 841(a)(1), 841(b)(1)(C) – Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Heroin (Count 2)

Forfeiture Allegations: 21 U.S.C. § 853

The Grand Jury Charges that:

COUNT 1

On or about October 26, 2017, in the Eastern District of Washington, the Defendant, BAZIL N. PEONE, knowingly and intentionally possessed with intent to distribute 5 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii).

INDICTMENT-1
Peone

## COUNT 2

On or about October 26, 2017, in the Eastern District of Washington, the Defendant, BAZIL N. PEONE, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

## NOTICE OF CRIMINAL FORFEITURE

1. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

2. Pursuant to 21 U.S.C. § 853, upon conviction of an offense(s) in violation of 21 U.S.C. § 841(a)(1), as set forth in Counts 1 and 2 of this Indictment, the Defendant BAZIL N. PEONE, shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s) and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offense(s), including, but not limited to:

### FIREARMS

1. Extreme Tactical, model XT-15, bearing serial number MT0242;
2. Ruger, model AR-556, bearing serial number 850-61806;
3. China, model SKS, bearing serial number 9148590;
4. Taurus, model PT-908, bearing serial number TNJ00299;
5. Ruger, model LCP, bearing serial number 370-61634;
6. Ruger, model M77 MKII, bearing serial number 792-03929;
7. Smith & Wesson, model 5904, bearing serial number TCS3221;
8. Ruger 22, model 22/45 Lite, bearing serial number 390-58733;
9. Ruger, model MKII, bearing serial number 227-82646; and,
10. Any and all ammunition, magazines and accessories not listed above.

INDICTMENT-2

If any of the forfeitable property described above, as a result of any act or omission of the Defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

DATED this 5 day of December, 2017.

A TRUE BILL



Foreperson

JOSEPH H. HARRINGTON
Acting United States Attorney

Patrick J. Cashman
Assistant United States Attorney

INDICTMENT-3